# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**TIMOTHY CHRISTIAN CROUSE**                                                          **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 5:24-cv-120-BJB**

**CITY OF MURRAY, KENTUCKY et al.**                                  **DEFENDANTS**

## MEMORANDUM OPINION

*Pro se* Plaintiff Timothy Christian Crouse, a resident of Murray, Kentucky, initiated this lawsuit against the City of Murray and Calloway County, Kentucky. DN 1, PageID #: 2. As set forth below, the Court summarily dismisses this case.

## I.

The Complaint states that Plaintiff invokes this Court's federal-question jurisdiction based on police officers' "negligence, torture, assault, cyber-hacking, conspiracy, civil rights, privacy, wire and electronic communications interception and oral communications, terrorism – radiological dispersal devises and sexual abuse; code of conduct breach." DN 1, PageID #: 3 (cleaned up); *see also* DN 1-1, PageID #: 13-15 (further asserting conspiracy, sexual misconduct, assault, and "cybercrime"). The Complaint contains several eyebrow-raising allegations:

- "From 2018 to today, . . . after making political comments on Facebook . . . [a]lmost immediately I was falsely arrested, falsely called crazy, and the next thing I know I'm being hit by satellites while hooked up to what they call V2K satellites – all without my knowledge or consent." *Id*. at PageID #: 6.

- "The police – around 2019 to 2024 – have been watching me through my TV." *Id*.

- "I watched the police computers which were hooked to my own head via V2K satellites and watched my thought appear on their screens. . . . It's 100% mind reading technology." *Id*. at PageID #: 7.  "Assault – with intent to injure or kill by satellite attacks emitting constant extremely high levels of radiation to cause cancer without leaving a trace of evidence." *Id*. at PageID #: 8.
- He feels like his "body is being squeezed, cooked on the inside with a lot of internal pressure, and sometimes my skin or tongue, mouth and throat burns while they're doing it[.]" *Id*.
- "[T]hey"—presumably some or all of the Defendants—"attacked" his genitals in particular and use "V2K satellites" to "project" into his dreams.  *Id*. at PageID #: 9.
- "[C]ops" regularly steal his pain medication and steroid shots and have assaulted his neck where he had surgery with "very painful satellite attacks." *Id*. at PageID #: 10.  Police have hacked his social media accounts to include discussion of "drugs, alcohol, . . . paraphernalia," and a racial epithet.  *Id*. at PageID #: 8.
- Several attempts at murder by police officers, including by causing a gas leak in his fireplace after Plaintiff had texted his mother that he would use his fireplace if he lost electricity in an ice storm and using satellites to "zoom into" his eyes to blind him while driving and while on a window ledge.  *Id*. at PageID #: 11-12.

Since filing his Complaint, Plaintiff has filed multiple motions to submit approximately 2,000 pages of exhibits, thumb drives, and other electronic storage devices.  *See* DNs 4-6, 8, 9, 11, 12, 15-18, and 20.  Many of the pages are screen shots of Plaintiff's cell phone and other electronic devices purporting to show satellite radiation, police hacking, and voyeurism.

II.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted); *Findler v. Wray*, No. 19-2487, 2020 WL 8024520, at *1 (6th Cir. Aug. 19, 2020).

The Court recognizes that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nonetheless, even reading Plaintiff's Complaint liberally, it meets the Rule 12(b)(1) standard for lack of subject-matter jurisdiction and is therefore subject to *sua sponte* dismissal. *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *2 (6th Cir. Aug. 22, 2018) ("Sua sponte dismissal is appropriate where the plaintiff's 'claims lack the legal plausibility necessary to invoke federal subject matter jurisdiction.'") (quoting *Apple*, 183 F.3d at 480); *see also Phillips v. Trump*, No. 18-6341, 2019 WL 7372704, at *2 (6th Cir. Nov. 20, 2019) ("[T]he district court did not err by dismissing Phillips's complaint without providing him an opportunity to amend because his claims were 'totally implausible.'") (quoting *Apple*, 183 F.3d at 479-80).

While the Court assumes that Plaintiff earnestly believes that he is the victim of the harmful conduct he alleges, those allegations are not plausible. Therefore the Court need not accept them as true even if Plaintiff fervently believes they are. The Complaint here echoes claims in other cases dismissed as implausible, frivolous, and devoid of merit. *See, e.g.*, *Bartlett*,

3

2018 WL 4492496, at *2 ("Bartlett's allegations that she has been raped and tortured . . . including conspiracies and far-fetched theories of harm involving threats on her life, the use of 'biomedical execution' and 'severe radiation,' and allegations that she has been 'programmed'" were properly dismissed for lack of subject matter jurisdiction); *Lynch v. Tennessee*, No. 3:16-CV-03034, 2017 WL 6462345, at *1, *4 (M.D. Tenn. Sept. 25, 2017) (claims of "perceived mind control and torture" including "delivery of verbal messages and visual images that only he can hear or see, . . . burning pain caused by a 'beam of heat' directed to his body parts, and constant bombardment by radiation and sound" were "not arguably plausible"); *Wright v. Homeland Sec.*, No. 15-CV-2401, 2016 WL 11478166, at *1 (W.D. Tenn. Jan. 14, 2016) (allegations that apartment was "hit by satellite voice amps" from the Sheriff's Department were implausible, frivolous, and devoid of merit), *report and recommendation adopted sub nom. Wright v. Mason*, No. 15-2401, 2016 WL 552400 (W.D. Tenn. Feb. 10, 2016); *Tucker v. Haspel*, No. 20-CV-13096, 2020 WL 7122084, at *2 (E.D. Mich. Dec. 4, 2020) ( "[T]he Court is not obligated to entertain a civil action grounded only in the Plaintiff's imagination" regarding "illegal surveillance by various government agencies and individuals."); *Miles v. United States*, No. 2:15-CV-1082, 2015 WL 8539042, at *1 (S.D. Ohio Dec. 11, 2015) ("vast government conspiracy involving alien mind-control technologies, unmanned aerial vehicles circling her residence and bombarding it with radiation, and 'nano-sensors' deployed underneath her skin for 'non-consensual human experimentation and torture'") (internal citations omitted).

  The Court will enter a separate Order of dismissal.

Date: August 16, 2024

Benjamin Beaton, District Judge
United States District Court

cc:  Plaintiff, *pro se*
   Defendants
B213.009